```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VICKY WARE,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
          -against-                         17-CV-0725(JS)(GRB)

JOHN C. STUMPF, business and
personal capacity, and
WELLS FARGO BANK, N.A.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Vicky Ware, pro se
                    80 Patton Avenue
                    Wyandanch, NY 11798

For Defendants:     No appearance
```

SEYBERT, District Judge:

On December 23, 2016, pro se plaintiff Vicky Ware ("Plaintiff") filed a Complaint in the United States District Court for the Southern District of New York (the "Southern District") together with an application to proceed in forma pauperis. (See, Docket Entry 1.) By Transfer Order dated January 31, 2017, the action was transferred to this Court, and, on February 8, 2017, was assigned to the undersigned. The Southern District reserved for this Court the determination of Plaintiff's application to proceed in forma pauperis.

Upon review of the declaration accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status disqualifies her from commencing this action without prepayment of the filing fee. See 28 U.S.C.

§ 1915(a)(1).  Accordingly, Plaintiff is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

To qualify for <u>in forma pauperis</u> status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  <u>Adkins v. E.I. Du Pont De Nemours & Co., Inc.</u>, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet this standard.  Plaintiff avers that she earned approximately $7,000 per month until January 22, 2017, claims to have $28,000.00 in a savings and checking account, and reports to have approximately $29,000.00 in a 457 Deferred Compensation Retirement Plan.  (<u>See</u> Plaintiff's <u>In Forma Pauperis</u> Appl. ¶¶ 2-5.)  Plaintiff lists regular monthly expenses totaling $535.00.  (<u>See</u> Plaintiff's <u>In Forma Pauperis</u> Appl. ¶ 6.)  Given Plaintiff's financial position as set forth in her declaration, **her motion to proceed <u>in forma pauperis</u> is DENIED, and she is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice**.

In addition, Plaintiff is cautioned that, insofar as she seeks to challenge a state court mortgage foreclose action bearing Index Number 611833/2016, such relief is unavailable in this Court

and the Rooker-Feldman doctrine may bar her claims.  Finally, because it also appears that Plaintiff may seek to have this Court intervene in an on-going mortgage foreclosure action pending in the New York State Supreme Court, Suffolk County (Index No. 611833/2016) it is likely that this Court must abstain.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June   6  , 2017
      Central Islip, New York